```
              IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                           CHARLESTON
```

**CLARK DIEHL,**

    **Plaintiff,**

v.                                              Civil Action No. 2:04-cv-01229

**DAN RAY OLSON and**
**F. SCHUMACHER & CO.,**

    **Defendants/Third-Party Plaintiffs,**

v.

**WALLPAPER IN STOCK, INC.,**

    **Third-Party Defendant.**

## MEMORANDUM OPINION AND ORDER

    Defendants, Dan Ray Olson and F. Schumacher & Co. ("Defendants"), filed a Motion to Compel on April 18, 2005, stating that Plaintiff, Clark Diehl, had failed to respond to Defendants' First Set of Interrogatories and Requests for Production of Documents. The Motion seeks an Order compelling answers to this discovery (docket # 23-1) and requests that Defendants' Requests for Admissions be deemed admitted (docket # 23-2). Despite defense counsel's good faith attempt to resolve the matter by letter, Plaintiff has not responded to the discovery or the letter. Likewise, Plaintiff made no response to the Motion to Compel.

    Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to answer discovery, the discovering party may

move for an answer and for fees, expenses or sanctions as appropriate. Fed.R.Civ.P. 37(a)(2)(B) and (a)(4)(A)(2005). Here, Defendants do not request fees or sanctions, but simply seek an Order compelling answers to their discovery. It is hereby **ORDERED** that Plaintiff provide full and complete answers to the subject interrogatories and requests for production no later than **June 8, 2005.**

In this posture, and with no explanation from Plaintiff as to why the discovery has not been answered, the court declines to enter fees or sanctions at this time.  However, Plaintiff is sternly warned of the potential consequences and sanctions which lie against litigants who fail to participate in discovery or to obey court orders.  These include rulings that designated facts will be taken as established; an exclusion of that party's evidence; striking  portions of pleadings; contempt of court; monetary sanctions; and default judgment.  Fed. R. Civ. P. 37(B)(2)(2005).

Rule 36 of the Federal Rules, governing requests for admission, provides in part that the requested matter <u>is admitted</u> unless within 30 days of service (or such other stipulated time) the receiving party serves a written answer or objection signed by the party or party's attorney.  Fed. R. Civ. P. 36(a)(2005) (emphasis added).  Based on the record before the court, the Plaintiff's time to respond has expired, without explanation.  The

Rule compels the result sought by Defendants and it is hereby **ORDERED** that Defendants' Requests for Admission are deemed admitted.

Defendants' Motion to Compel, docket # 23-1 and # 23-2, is hereby **GRANTED.** Defendants shall bear their own costs and fees.

The Clerk is instructed to transmit copies of this written opinion and order to counsel of record.

**ENTER:** June 1, 2005

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge