UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CLARK DIEHL

    Plaintiff

v.                                           Civil Action No.: 2:04-1229

DAN RAY OLSON and
F. SCHUMACHER & CO.

    Defendants
_____
DAN RAY OLSON and
F. SCHUMACHER & CO.

    Third-Party Plaintiffs

v.

WALLPAPERS IN STOCK, INC.

    Third-Party Defendant

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of defendants/counterclaimants and third party plaintiffs Dan Ray Olson and F. Schumacher & Co., filed July 18, 2005, seeking summary judgment on the claims of plaintiff Clark Diehl as well as seeking summary judgment on their various counterclaims and third party claims against Diehl and third party defendant Wallpapers in Stock, Inc. ("Wallpapers"). Neither Diehl nor Wallpapers has responded.

I.

This action arises from the termination of a commercial contract between Diehl, the owner of Wallpapers[1] which is a retail business specializing in wallcoverings and home interior decor, and F. Schumacher & Co., a manufacturer of wallcoverings and home interior decor who served as a vendor to Wallpapers. The relationship was terminated after Olson, a salesman of F. Schumacher & Co., reported that Diehl had assaulted him subsequent to a customer call. At the termination of the relationship, Diehl and Wallpapers owed F. Schumacher & Co., a past due balance of $15,897.11 for goods delivered.

Diehl filed a complaint against defendants, alleging that Olson had defamed him and had intentionally interfered with the contract between Diehl and F. Schumacher & Co. Diehl also alleged that F. Schumacher & Co., had breached its warranties by selling defective goods[2] and had breached its contract. After removal, Olson counterclaimed against Diehl for assault and

---

[1] It is unclear whether Wallpapers, Inc., is actually a corporation or simply a d/b/a for Diehl.

[2] It appears that the warranty claims are related to the customer call resulting in the altercation. Olson and Diehl responded in person to the customer complaint and Olson opined that the product was not defective but the installation was.

2

battery and F. Schumacher & Co. counterclaimed for the unpaid balance. They later filed a third party complaint against Wallpapers asserting the same claims.

On February 17, 2005, the defendants filed "Defendants and Third-Party Plaintiff's Interrogatories, Requests for Production and Requests for Admissions to Plaintiff." Among the requests for admissions, defendants sought the admissions of Diehl and Wallpapers as to the unpaid past due balance, F. Schumacher & Co.'s compliance with all express and implied warranties, the faulty installation of the wallpaper and the battery of Olson. Neither Diehl nor Wallpapers responded and defendants moved to compel. On June 1, 2005, the United States Magistrate Judge issued a memorandum order and opinion granting defendants' motion and deeming the requests for admissions admitted. No objection to that order was filed. On the strength of the admissions, Olson and F. Schumacher & Co. moved for summary judgment.

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(c). The moving party has the burden of showing -- "that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts as would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); <u>Celotex Corp.</u>, 477 U.S. at 322-23.

Inasmuch as the defendants' requests for admissions have been deemed admitted and inasmuch further as Diehl has not responded to defendants' motion, the court finds that Olson and F. Schumacher & Co. are entitled to summary judgment on Diehl's claims. With respect to their affirmative claims against Diehl and Wallpapers, F. Schumacher & Co. and Olson have also moved for summary judgment. The undisputed evidence establishes F. Schumacher & Co. delivered conforming goods in the amount $15,897.11 for which the balance is past due. The undisputed evidence further indicates that F. Schumacher & Co. is contractually entitled to earn 1.5% interest per month on any past due accounts. F. Schumacher & Co., is entitled to summary judgment on the contract claim. Calculating from May 31, 2004 to August 31, 2005, F. Schumacher & Co. is entitled to simple

4

interest of $3576.85 on the balance of $15,897.11.

Olson is also entitled to summary judgment to the extent he has established assault and battery. However, Olson has offered no evidence of damages. The sole remaining issue on Olson's claim is the amount of damages.

II.

For the reasons set forth, it is accordingly ORDERED that:

1. The motion of F. Schumacher & Co., and Dan Ray Olson, to the extent the motion seeks summary judgment on the claims of plaintiff Clark Diehl, be, and it hereby is, granted.

2. The motion of F. Schumacher & Co., and Dan Ray Olson, to the extent the motion seeks summary judgment on the counterclaims and third party claims of F. Schumacher & Co., against Diehl and Wallpapers, be, and it hereby is, granted in the sum of $19,473.96.

3. The motion of F. Schumacher & Co., and Dan Ray Olson, to the extent the motion seeks summary judgment on the counterclaims and third party claims of Olson against Diehl and Wallpapers, be, and it hereby is, granted as to liability. The amount of Olson's damages remains to be determined.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: September 7, 2005

John T. Copenhaver, Jr.
United States District Judge