```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

CLARK DIEHL

    Plaintiff

v.                                  Civil Action No.: 2:04-1229

DAN RAY OLSON and
F. SCHUMACHER & CO.

    Defendants
_____
DAN RAY OLSON and
F. SCHUMACHER & CO.

    Third-Party Plaintiffs

v.

WALLPAPERS IN STOCK, INC.

    Third-Party Defendant

## MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff Clark Diehl's motion for relief from judgment, filed September 16, 2005.

By order entered September 7, 2005, the court granted the motion of defendants/counterclaimants and third party plaintiffs ("defendants") Dan Ray Olson and F. Schumacher & Co., filed July 18, 2005, seeking summary judgment on the claims of

plaintiff Clark Diehl and on defendants' various counterclaims and third party claims against Diehl and Wallpapers in Stock, Inc.  Neither Diehl nor Wallpapers in Stock responded to the July 18th motion.  The court granted the motion based, in substantial part, on the strength of the admissions of Diehl and Wallpapers in Stock, deemed admitted by order of the United States magistrate judge entered June 1, 2005, after Diehl and Wallpapers in Stock failed to respond to defendants' requests for admission.

In plaintiff Diehl's motion for relief from judgment, he asserts that his counsel did not receive defendants' July 18th motion for summary judgment, and was not aware that the motion had been filed until September 8, 2005, the date that plaintiff's counsel received the court's September 7th order.  Diehl says that he "was denied the opportunity to respond to the summary judgment motion by an instrumentality [presumably, the United States Postal Service] over which neither [p]laintiff nor [d]efendants have . . . control."  (Pl. Mem. at 3.)  Plaintiff asserts that, had he been put on notice of the summary judgment motion, "he could have responded with a motion to amend his answers to the request[s] for admission[] consistent with the response he did in fact file on June 8[th], such that this case could be resolved on its merits."  (Pl. Mem. at 4.)  Plaintiff

filed, on June 9, 2005, a certificate of service showing that he served discovery responses and answers to requests for admission on defense counsel the previous day, June 8th.  Those documents were not on that day or any day since filed with the court.  No filings were made with the court on June 8th.

The court is leery of plaintiff's assertion that defendant's motion for summary judgment was not delivered to him, inasmuch as the history of this case is replete with plaintiff's failures to comply with deadlines or respond to motions.  First, plaintiff's Rule 26(a)(1) disclosures, which according to the court's November 24, 2004, order should have been exchanged on January 25, 2005, were not delivered to defense counsel until February 24, 2005, one day after defendants filed a motion to compel the disclosures.  Then, on April 18, 2005, defendants filed a motion to compel plaintiff to respond to defendants' first set of interrogatories, requests for production of documents, and requests for admission, all of which, according to defendants, had been served upon plaintiff on February 17, 2005, and the status of which defense counsel had inquired by letter dated April 6, 2005.  (Def. April 18th Mot. at 1-2.)  Plaintiff did not respond to defendant's April 18th motion to compel.

On June 1, 2005, the United States magistrate judge ordered plaintiff to respond to the outstanding discovery requests, and deemed defendants' requests for admission having been admitted in accordance with Fed R Civ P 36(a) based on plaintiff's failure to respond.  Plaintiff did not seek relief from the order of the magistrate judge or otherwise attempt to explain his failure to timely respond to the discovery requests and requests for admission.  He did, however, file on June 9, 2005, his discovery responses, together with answers to defendants' requests for admission.

The requests for admission propounded to plaintiff by defendants on February 17, 2005, included the following:

> Request No. 1:  Please admit that your open credit line account with F. Schumacher & Co. has an unpaid balance of approximately $15,897.11, which balance is past due.
>
> * * *
>
> Request No. 4:  Please admit that all merchandise tendered by F. Schumacher & Co. was in compliance with all express and implied warranties . . .
>
> * * *
>
> Request No. 7:  Please admit that on or about May 25, 2004, you unlawfully, willfully, wantonly, intentionally, and purposefully committed a violent injury to Dan Ray Olson's person, without his consent, which placed Mr. Olson under a reasonable apprehension of

>receiving violent injury and/or immediate
>harmful or offensive contact to his person.

>*  *  *

>Request No. 9:  Please admit that Dan Ray
>Olson is not a party outside of the business
>relationship between you, Wallpapers In
>Stock, Inc. and F. Schumacher & Co.

(Def. Req. for Adm., appended as Exh. E to Def. July 15, 2005, Mem. in Supp. of Mot. for Summ. J.)

Each request having been deemed admitted, there was adequate basis for the court's grant of summary judgment to defendants on Diehl's claims of defamation[1], intentional interference with a business relationship, breach of warranty and breach of contract, as well as on Olson's counterclaims for assault and battery and F. Schumacher & Co.'s counterclaim for the unpaid balance on account[2].  But plaintiff argues that the order granting summary judgment should be set aside in accordance with Rule 60(b) of the Federal Rules of Civil Procedure.  That rule allows a party to obtain relief from a final judgment for

---

[1] The defamation claim is based on the allegation that Olson told representatives of F. Schumacher & Co. that Diehl "physically and verbally assaulted him."  (Compl., Count I.)

[2] F. Schumacher & Co. also asserted counterclaims for return of the goods sold and delivered and for unjust enrichment. (Answer and Counterclaim, Counts II and III.)  Each appears to espouse a theory alternative to F. Shumacher & Co.'s Count I, "Complaint on an Account."

any of the following reasons:

>(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed R Civ P 60(b).  Plaintiff having asserted that he did not respond to the summary judgment motion because he did not receive it, the court understands his motion for relief from judgment to be based on Rule 60(b)(1) covering excusable neglect.

Inasmuch as plaintiff's motion was filed fewer than ten days after entry of judgment, it is appropriately treated as a motion to alter or amend judgment, made pursuant to Rule 59(e). <u>Knowles v. Mutual Life Ins. Co. of New York</u>, 788 F.2d 1038, 1040 (4th Cir. 1986).  The United States Court of Appeals for the Fourth Circuit has "observed [that] a court may grant a Rule 59 motion in three circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or

prevent manifest injustice.'"  Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005) (quoting United States v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) and Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)).

Plaintiff has asserted no plausible ground justifying either a grant of Rule 59(e) alteration of or Rule 60(b) relief from judgment.  Though he argues that his counsel did not receive defendants' motion for summary judgment and that his failure to respond to it was based on excusable neglect, plaintiff offers no explanation for having failed to file Rule 26(a)(1) disclosures until confronted with a motion to compel; respond to defendants' discovery requests, including requests for admission, in a timely fashion; respond to defendants' April 18, 2005, motion to compel responses; or seek relief from the June 1, 2005, order of the magistrate judge.  Further, because plaintiff's admissions as found by the magistrate judge were a substantial basis for the grant of summary judgment, plaintiff should have, at the least, proffered some reason for failing to timely respond to defendants' requests for admission.

There has been no showing of any kind for plaintiff's failure to offer a response to defendants' requests for admission

**until after the magistrate judge's ruling on defendant's motion to compel, and it appears that there is no valid basis to challenge the grant of summary judgment, rendering plaintiff's motion for relief futile. Nor does the court find that manifest injustice would result from the denial of plaintiff's motion, inasmuch as the plaintiff has repeatedly failed to comply with applicable deadlines, and has offered no justification for those failures.[3]**

**It is accordingly ORDERED that plaintiff's motion be, and it hereby is, denied.**

---

[3] **It is noted that the court's September 7, 2005, order granting summary judgment was entered nearly two months after defendants filed their motion for summary judgment on July 18, 2005. The United States Court of Appeals for the Second Circuit has admonished that "parties have an obligation to monitor the docket sheet and inform themselves of the entry of orders." United States ex rel. McAllan v. City of New York, 248 F.3d 48, 53 (2nd Cir. 2001), cert. den. 535 U.S. 29 (2002). The Court of Appeals for the District of Columbia Circuit has extended this premise to motions filed by opposing parties. Fox v. American Airlines, Inc., 389 F.3d 1291, 1294 (D.C. Cir. 2004). After having received the magistrate judge's order of June 1, 2005, resulting in damning admissions by him, plaintiff should have been particularly vigilant in tracking this case.**

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: May 26, 2006

John T. Copenhaver, Jr.
United States District Judge